AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means ☐ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 2:21-mj-00010
iPhone of GRACYN COURTRIGHT located at the FBI )
Charleston Resident Agency Office, 113 Virginia )
Street, East, Charleston, West Virginia 25301 )

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the ____Southern____ District of ____West Virginia____
*(identify the person or describe the property to be searched and give its location):*
See Attachment "A"

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*
See Attachment "B"

**YOU ARE COMMANDED** to execute this warrant on or before ____February 3, 2021____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ____Dwane L. Tinsley____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: _Jan 21, 2021 4:39 p.m._ _[signature]_
*Judge's signature*

City and state: Charleston, West Virginia Dwane L. Tinsley, United States Magistrate Judge
*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| Return | | |
|---|---|---|
| Case No.: 2:21-mj-00010 | Date and time warrant executed: 1/26/21, 9:50 am | Copy of warrant and inventory left with: Rhett Johnson |
| Inventory made in the presence of : SA Lafferty | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

Blu-Ray disc containing data extractions from Apple mobile device, Model A1921 (iPhone Xs Max), S/N G6TXXV8ZKPHF

Blu-Ray disc containing Graykey data extractions from Apple iPhone mobile device, Model A1921 (Xs Max), S/N G6TXXV8ZKPHF

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 2/1/21

_____
Executing officer's signature

Jim Lafferty, FBI SA
Printed name and title

## ATTACHMENT A

*Property to be searched*

One iPhone surrendered by Gracyn Courtright at her arrest on January 19, 2021 and currently in the custody of the Federal Bureau of Investigation (FBI) at the Charleston Resident Agency Office located at 113 Virginia Street, East, Charleston, West Virginia 25301. The iPhone is light gold in color with a cracked screen.



## ATTACHMENT B

*Property to be seized*

1. The items to be seized are fruits, evidence, information, contraband, or instrumentalities, in whatever form and however stored, relating to violations of Title 18 U.S.C. § 1752(a)(1) and (2), 40 U.S.C. § 5104(e)(2)(D) and (G), 18 U.S.C. § 641, 18 U.S.C. § 2101; 18 U.S.C. § 1512, and other related offenses as described in the search warrant affidavit, existing on the iPhone described in Attachment A including, but not limited to:

   a. Records or information regarding travel and lodging to and from the Washington, D.C. area from January 1, 2021, to present;

   b. Records and information that constitute evidence of the state of mind of COURTRIGHT, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, or knowledge and experience, related to the criminal activity under investigation;

   c. Records and information that constitute evidence concerning persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with COURTRIGHT about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts;

   d. Evidence of COURTRIGHT's connection to the social media accounts described in the affidavit;

e. Photographs or videos depicting COURTRIGHT or others entering the United States Capitol building, their activities prior to entry, during their occupancy of the premises, and upon exiting the premises;

f. Electronic messages in whatever format (e.g. text messages, instant messages, messaging facilitated by applications being run on the iPhone) that remain stored within the electronic memory of the iPhone;

g. Evidence of who used, owned, or controlled the iPhone at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, chat, instant messaging logs, photographs, and correspondence;

h. Evidence of software, or the lack thereof, that would allow others to control the iPhone, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

i. Evidence of the attachment to the iPhone of other storage devices or similar containers for electronic evidence;

j. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the iPhone;

k. Evidence of the times the iPhone was used;

l. Passwords, encryption keys, and other access devices that may be necessary to access the iPhone;

  m. Records of or information about Internet Protocol addresses used by the iPhone;

  n. Records of or information about the iPhone's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

In aid of the execution of the search of the iPhone described in Attachment A, law enforcement personnel are also specifically authorized to obtain from GRACYN COURTRIGHT the compelled display of any physical biometric characteristics (such as fingerprint/thumbprint, facial characteristics, or iris display) necessary to unlock the iPhone to include pressing fingers or thumbs against and/or putting a face before the sensor, or any other security feature requiring biometric recognition of GRACYN COURTRIGHT.

While attempting to unlock the iPhone by use of the compelled display of biometric characteristics pursuant to this warrant, law enforcement is not authorized to demand that GRACYN COURTRIGHT state or otherwise provide the password or identify the specific biometric characteristics (including the unique finger(s) or other physical features), that may be used to unlock or access the iPhone. Nor does the warrant authorize law enforcement to use the fact that the warrant allows law enforcement to obtain the display of any biometric characteristics to compel GRACYN COURTRIGHT to state or otherwise provide that information. However, the voluntary disclosure of such information by GRACYN COURTRIGHT is permitted. To avoid confusion on that point, if agents in executing the warrant ask GRACYN COURTRIGHT for the password to the iPhone, or to identify which biometric characteristic (including the unique finger(s) or other physical features) unlocks the

iPhone, the agents will not state or otherwise imply that the warrant requires GRACYN COURTRIGHT to provide such information, and will make clear that providing any such information is voluntary and that she is free to refuse the request.